IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

  Plaintiff,

  v.                                               CRIMINAL NO. 06-206 (JAG)

JORGE ANDÚJAR ORTIZ,

  Defendant.

## REPORT AND RECOMMENDATION

  Defendant filed a Motion to Suppress which was referred by the Court to the undersigned Magistrate Judge, claiming that Police of Puerto Rico Agent Luis Vázquez Torres submitted an affidavit containing false statements in order to obtain a search warrant authorized by a Municipal Judge in Bayamón, Puerto Rico, that led to the case at bar.  The defendant alleges that he "is ready to present live testimony and other real evidence to demonstrate the impossibility of the observations allegedly made by Agent Vázquez Torres ... which provided the basis for the issuance of a search warrant."  The government filed its response in opposition.  (Docket Nos. 31, 34, 35, and 36).

  The undersigned Magistrate Judge finds that the Motion to Suppress, by itself, is insufficient to warrant a hearing for the following reasons:

> There is ... a presumption of validity with respect to the affidavit supporting the search warrant.  To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of <u>deliberate falsehood or of reckless disregard for the truth</u>, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  <u>Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained</u>.  Allegations of negligence or innocent mistake are insufficient.

<u>Franks v. Delaware</u>, 438 U.S.154, 172 (1978) (emphasis added).

Defendant's Motion to Suppress alleges that "[t]he interview of several witnesses has revealed that no vehicle was parked at the designated times in the location related by Agent Vázquez Torres." (Motion to Dismiss, ¶9). Said Motion, however, is not accompanied by any affidavits, sworn or otherwise reliable statements of witnesses. Furthermore, there is no explanation as to why affidavits, sworn or otherwise reliable statements of witnesses are absent from the Motion to Suppress.

Moreover, defendant has not provided the Court with a copy of Agent Vázquez Torres's affidavit in support of the local search warrant.[1] In order to make a decision of whether a hearing is necessary, a copy of said affidavit must be provided to the Court. Even if defendant fully complies with all the requirements set in Franks, a hearing is not granted automatically. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." Id.

The absence of affidavits, sworn or otherwise reliable statements of witnesses or a satisfactory explanation of their absence, coupled with the absence of the affidavit sworn by Agent Vázquez Torres leads the undersigned to deny defendant's request for an evidentiary hearing. Furthermore, conclusory allegations are insufficient to rebut the presumption of validity with respect to an affidavit supporting an arrest warrant. Defendant's motion to suppress falls short of the specificity required to show that Agent Vázquez Torres acted deliberately in submitting false information in his affidavit or that he acted with reckless disregard for the truth.

---

[1] The undersigned Magistrate Judge has seen the affidavit signed by ATF Special Agent Marco Carrillo on June 16, 2006. The affidavit at issue, however, is the one submitted by Agent Vázquez Torres to the local Municipal Judge.

For the foregoing reasons, it is recommended defendant's Motion to Suppress be DENIED WITHOUT PREJUDICE.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of March of 2007.

s/Marcos E. López
MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE